**Lee V. QUILLAR, Petitioner—Appellant,**

v.

**State of CALIFORNIA, Respondent—Appellee.**

**No. 03–56118.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 20, 2004.

Lee V. Quillar, CMFSP—California Medical Facility State Prison (Solano), Vacaville, CA, pro se.

Steven A. Feldman, Esq., Feldman and Feldman, Hauppauge, NY, for Petitioner–Appellant.

Attorney General for the State of California, Meagan J. Beale, Aty., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Lee V. Quillar appeals the district court's denial of his 28

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence of 36 years to life for several offenses, including arson of the property of another. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's decision to deny a habeas petition. *Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). Findings of fact made by the district court are reviewed for clear error. *Id.*

■ Quillar contends that his conviction should be set aside because the prosecutor excused jurors on the basis of race. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Both the California Court of Appeal and the district court discussed the salient facts regarding the prosecutor's peremptory challenges to Juror 9 and Alternate Juror 2. We see no need to recount those facts here. Suffice it to say that we have carefully reviewed their decisions and the record and, on the basis of that review, we cannot declare that those courts erred in their determinations.

■ Quillar offers no evidence to question or discredit the prosecutor's motives for challenging, or to rebut the state courts' factual findings that the prosecutor *did not* exclude Juror 9 on the basis of race. *See Hernandez v. New York,* 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed."). Similarly, Quillar has provided no evidence to suggest that the prosecutor's explanation for peremptorily challenging Alternate Juror 2 was pretextual or insincere. *See id.* Moreover, because Alternate Juror 2 was never called upon to serve as a regular juror, any error was necessarily harmless. *See Nevius, v. Sumner,* 852 F.2d 463, 468 (9th Cir.1988) (holding race-based peremptory challenge of alternate juror was harmless error because the alternate juror was not called upon to serve). Accordingly, Quillar's request to expand the COA to encompass his *Batson* claim as to Alternate Juror 2 is fruitless. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that to expand the COA, a habeas petitioner must demonstrate that, on the basis of the record and the parties' arguments, "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The district court therefore properly denied Quillar's claim and we deny the request to expand the COA.

AFFIRMED.